WEISBERG LAW
Matthew B. Weisberg, Attorney ID No. 85570
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
**Attorney for Plaintiff**

SCHAFKOPF LAW, LLC
Gary Schafkopf, Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-238-1334
**Attorney for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SEAN C. RAFFERTY**<br>1810 Brooks Rd.<br>West Chester, PA 19382<br>**Plaintiff,**<br><br>v.<br><br>**JANE DONZE, in her individual capacity**<br>325 W Street Rd.<br>Kennett Square, PA 19348<br><br>and<br><br>**CHESTER COUNTY COURT OF COMMON PLEAS FAMILY COURT D/B/A CHESTER COUNTY OFFICE OF DOMESTIC RELATIONS**<br>201 W. Market St<br>Suite 3400<br>West Chester, PA 19380-0991<br><br>and<br><br>**COUNTY OF CHESTER**<br>313 West Market Street<br>West Chester, PA 19380<br><br>and<br><br>**John Does1-10**<br>**Defendants** | No.<br><br>**JURY OF TWELVE (12) JURORS DEMANDED** |

## CIVIL ACTION COMPLAINT

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Sean C. Rafferty, is an adult individual residing at the above captioned address.
2. Defendant, Jane Donze, is an adult individual residing at the above captioned address.
3. Defendant, Chester County Office of Domestic Relations, is a division of the Chester County Court of Common Pleas Family Court responsible for making child support rulings.
4. Defendant, County of Chester, is the governmental unit wherein the Borough of West Chester is located and is where the events of this matter occurred. The County and Borough are proper state actors under 42 U.S.C. §1983.
5. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below.
6. This court has jurisdiction under the Civil Rights Act, 42 U.S.C.A. § 1983, and it has pendent jurisdiction to consider claims arising under state law. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C.A § 1391 (b) because all claims arose within the district and all Defendants reside or have employees within the district.

## **OPERATIVE FACTS**

7. Plaintiff, Sean C. Rafferty, is a retired police officer residing in West Chester, Pennsylvania in the County of Chester.

8. Plaintiff worked as a police officer for over twenty-five (25) years. Plaintiff retired in early 2015.

9. Approximately twenty-five (25) years ago, Plaintiff was injured in a work-related motor-vehicle accident. Due to the accident, Plaintiff suffered severe back injury that required professional medical treatment.

10. Plaintiff proceeded to work as a police officer without incident for the remainder of his career.

11. In 2017, Plaintiff decided to run for the position of local Magisterial District Judge for the County of Chester.

12. Plaintiff ran against Defendant, Jane Donze, and two (2) other candidates for the Chester County Republican Nomination.

13. On February 14, 2017, Plaintiff and Defendant Donze were in attendance at the Chester County Republican Endorsement Convention in Chester County, PA.

14. At some point prior to the February 14, 2017, convention Defendant illegally gained access to Plaintiffs medical information from the Defendant, Chester County Office of Domestic Relations.

15. While in attendance at the convention, Defendant Donze disseminated sensitive and confidential medical information regarding Plaintiff.

16. Plaintiff believes and avers Defendant Donze obtained Plaintiff's confidential medical information with the intention of releasing said medical information to harm Plaintiff's reputation and ruin Plaintiff's chances of winning the Republican nomination.

17. Defendant, Donze, spread lies and defamed Plaintiff by claiming that Plaintiff was a drug addict, fired from his employment as a police officer and that Plaintiff neglected to pay child support.

18. Defendant, Donze, used Plaintiff's medical history regarding the motor-vehicle accident from twenty-five (25) years ago to allude that Plaintiff has a drug problem.

19. Defendant, Donze, told numerous people who were in attendance at the Chester County Republican Endorsement Convention, these lies and fabricated stories.

20. None of these allegations are true.

21. Defendant, Donze, attempted to solicit the help of local newspapers to spread the false and defamatory information regarding Plaintiff.

22. Finding no basis of truth in the allegations, the media outlets refused to print Plaintiff's medical information at Defendant's request.

23. On numerous occasions, Plaintiff asked Defendant, Donze, to stop disseminating his private and confidential medical information. Defendant refused.

24. Defendant, Chester County Domestic Relations, has failed to investigate how Plaintiff's confidential medical records were obtained by Defendant Donze.

25. The defamatory remarks made by Defendant, Donze, caused immense harm, of which resulted in Plaintiff losing the Republican endorsement and subsequently the election.

26. Plaintiff has suffered and continues to suffer severe and irreparable damage to his reputation at the helm of Defendants' actions.

## COUNT I - DEFAMATION

27. Plaintiff incorporates the preceding paragraphs above as though set forth at length herein.

28. As a result of Defendants' self-serving, and vile actions, Plaintiff's reputation in the community of West Chester, Pennsylvania in Chester County was severely damaged.

29. The aforesaid conduct of the Defendants' exposed Plaintiff to ridicule, embarrassment, contempt, and loss of esteem among a substantial, respectable group including, but not limited to, Plaintiff's existing and prospective future endorsers, and supporters, as well as Plaintiff's friends, neighbors, community members and other third-party relationships.

30. The aforesaid conduct of Defendants' is slander per se and/or libel on its face.

31. As a direct and proximate result of the foregoing wrongful conduct of the Defendants', Plaintiff has suffered and continues to suffer damages including damage to his existing and prospective business relationships, and damage to his reputation and regard in the community at large.

32. The aforesaid wrongful conduct of Defendants' was neither privileged nor otherwise defensible in any manner whatsoever.

33. As a result of the aforesaid vindictive, wrongful conduct of the Defendants', which conduct was wanton, malicious, willful, knowing and/or committed in reckless disregard for the truth, Plaintiff is entitled to recover punitive damages against the Defendants as a punishment for such outrageous conduct.

## **COUNT II - 1983 VIOLATION**

34. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

35. Defendants' retaliatory conduct, as set forth herein, deprived Plaintiff of equal protection under the law as guaranteed by the First Amendment of the United States Constitution.

36. Defendants' conduct, as alleged herein, violated Plaintiff's rights to substantive and procedural due process.

37. As a direct and proximate result of Defendants' acts and conduct which caused and continue to cause Plaintiff to be denied equal protection under the law.

38. Plaintiff has suffered and will suffer those injuries, damages, and losses alleged herein and has incurred and will incur attorneys' fees and costs.

39. The wrongful acts and conduct of Defendants' were done with deliberate indifference to the statutory and constitutional rights of Plaintiff.

40. In addition, and/or in the alternative, the actions of Defendants and their agents and employees were knowingly acquiesced to, and thereby had the force or official or unofficial policy, practice or custom of the governmental agency.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court to enter a judgment in his favor and against Defendant in an amount in excess of $ 75,000.00, plus punitive damages, along with whatever relief that this Court deems appropriate and proper, including equitable relief, and attorney's fees and costs.

Respectfully Submitted,

| WEISBERG LAW | SCHAFKOPF LAW, LLC |
|---|---|
| BY: /s/ Matthew Weisberg | BY: /s/ Gary Schafkopf |
| MATTHEW B. WEISBERG, ESQ | GARY SCHAFKOPF, ESQ |
| DATED: 2-14-18 | DATED: 2-14-18 |