**WEISBERG LAW**
Matthew B. Weisberg
Attorney Id. No.: 85570
L. Anthony DiJiacomo, III
Attorney Id. No.: 321356
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880

**SCHAFKOPF LAW, LLC**
Gary Schafkopf
Attorney Id. No.: 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-238-1334

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SEAN C. RAFFERTY**<br>1810 Brooks Road<br>West Chester, PA 19382<br><br>   Plaintiff,<br><br>  v.<br><br>**JANE DONZE**<br>325 W. Street Road<br>Kennett Square, PA 19348<br><br> And<br><br>**JOSEPH M. WATERS**<br>*In Individual Capacity as Director of Domestic Relations Office of Chester County Court of Common Pleas, Family Court*<br>201 W. Market St., Suite 3400<br>West Chester, PA 19380<br><br> And<br><br>**JOHN DOES 1-10**<br><br>   Defendants. | No.: 18-0688<br><br>**JURY OF TWELVE (12)**<br>**JURORS DEMANDED** |

## FIRST AMENDED CIVIL ACTION COMPLAINT

### I. JURISDICTION & VENUE

1. Jurisdiction in this Honorable Court is based on a violation of federal law as conferred by 28 U.S.C. § 1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. § 1367.

2. Venue is proper in this District as the events that give rise to the cause of action took place within this District.

### II. PARTIES

3. Plaintiff, Sean C. Rafferty, is an adult individual residing at the above-captioned address.

4. Defendant, Jane Donze, is an adult individual residing at the above-captioned address.

5. Defendant, Joseph M. Waters is an adult individual with a place of business at the above-captioned address and is, upon information and belief, at all material times, the Director of Domestic Relations Office of the Chester County Court of Common Pleas, Family Court. Defendant, Joseph M. Waters is named herein in his individual capacity only.

6. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below.

### III. OPERATIVE FACTS

7. Plaintiff, Sean C. Rafferty, is a retired police officer. Plaintiff was employed as a police officer for over twenty-five (25) years and retired in early 2015.

8. Approximately twenty-five (25) years ago, Plaintiff was injured in a work-related motor-vehicle accident. Due to the accident, Plaintiff suffered severe back injury that required professional medical treatment.

9. Nonetheless, Plaintiff proceeded to work as a police officer without incident for the remainder of his career.

10. In 2017, Plaintiff decided to run for the position of local Magisterial District Judge for the County of Chester.

11. Plaintiff ran against Defendant, Jane Donze, and two (2) other candidates for the Chester County Republican Nomination.

12. On February 16, 2017, Plaintiff and Defendant, Donze were in attendance at the Chester County Republican Endorsement Convention ("Convention") in Chester County, PA.

13. At some point prior to the Convention, Defendant, Donze illegally gained access to Plaintiff's medical information from the Domestic Relations Office of the Chester County Court of Common Pleas, Family Court.

14. Upon information and belief, Defendant, Joseph M. Waters was the the Director of Domestic Relations Office of the Chester County Court of Common Pleas, Family Court at the time Defendant, Donze illegally gained accessed to Plaintiff's medical information.

15. Upon information and belief, Defendant, Joseph M. Waters failed to institute the appropriate safe guards – policies, procedures, practices, and customs – that would have prevented the illegal and unauthorized dissemination of Plaintiff's medical information.

16. Upon information and belief, due to Defendant, Joseph M. Waters failure to institute appropriate safe guards, Defendant, Donze was able to access Plaintiff's medical information.

17. While in attendance at the Convention, Defendant, Donze disseminated Plaintiff's medical information along with defamatory statements to numerous attendees, including that:

    a. Plaintiff was a drug-addict;

    b. Plaintiff's drug addition was a result of the 25-year-old accident in which Plaintiff injured his back;

    c. Plaintiff had been terminated as a police officer due to his drug-addition; and,

    d. Plaintiff has failed to pay his child-support payments as a result.

18. None of these defamatory statements are true.

19. Plaintiff believes and therefore avers Defendant, Donze obtained Plaintiff's confidential medical information with the intention of releasing the medical information, along with the aforementioned defamatory statements, to harm Plaintiff's reputation and ruin Plaintiff's chances of winning the Republican nomination.

20. In fact, Defendant, Donze attempted to solicit the assistance of local newspapers to spread the false and defamatory information regarding Plaintiff. However, the media outlets, finding no basis of truth in the allegations, refused to print Plaintiff's medical information at Defendant, Donze's request.

21. On numerous occasions, Plaintiff asked Defendant, Donze to stop disseminating his private and confidential medical information. However, Defendant refused.

22. The defamatory remarks made by Defendant, Donze, caused immense harm and resulted in Plaintiff losing the Republican endorsement and subsequently the election.

23. Plaintiff has suffered and continues to suffer severe and irreparable damage to his reputation at the helm of Defendants' actions.

### IV. CAUSES OF ACTION

**COUNT I**
**Defamation / Release of Confidential Information**
*Plaintiff v. Defendant, Waters*

24. Plaintiff incorporates the preceding paragraphs above as though set forth at length herein.

25. Upon information and belief, Defendant, Waters was the Director of Domestic Relations Office of the Chester County Court of Common Pleas, Family Court at the time Defendant, Donze illegally gained accessed to Plaintiff's medical information.

26. Upon information and belief, Defendant, Waters failed to institute the appropriate safe guards – policies, procedures, practices, and customs – that would have prevented the illegal and unauthorized dissemination of Plaintiff's medical information.

27. Upon information and belief, due to Defendant, Water's failure to institute appropriate safe guards, Defendant, Donze was able to access Plaintiff's medical information.

28. As a result of the unauthorized dissemination of Plaintiff's confidential medical information, Plaintiff has been harmed.

## COUNT II
### Defamation / Release of Confidential Information
*Plaintiff v. Defendant, Donze*

29. Plaintiff incorporates the preceding paragraphs above as though set forth at length herein.

30. Defendant, Donze made several statements concerning Plaintiff, including:

    a. Plaintiff was a drug-addict;

    b. Plaintiff's drug addiction was a result of the 25-year-old accident in which Plaintiff injured his back;

    c. Plaintiff had been terminated as a police officer due to his drug-addition; and,

    d. Plaintiff has failed to pay his child-support payments.

31. The statements are defamatory in nature and were applicable to Plaintiff.

32. Defendant, Donze knew the statements were false when made.

33. The recipients of the defamatory statements understood that defamatory statements concerned Plaintiff.

34. As a result, Plaintiff has been significantly harmed.

## COUNT III
### Violation of Section 1983
*Plaintiff v. Defendant, Waters*

35. Plaintiff incorporates the preceding paragraphs above as though set forth at length herein.

36. At all material times, Defendant, Waters acted under the color of state law in performing his job duties as the Director of Domestic Relations Office of the Chester County Court of Common Pleas, Family Court.

37. Defendant, Waters deprived Plaintiff of his rights under the laws of the United States through his failure to institute appropriate safe guards – policies, procedures, practices, and customs – that would have prevented the illegal and unauthorized dissemination of Plaintiff's medical information.

38. Defendant, Waters failure to institute appropriate safe guards was done with deliberate indifference to the rights of those who have confidential information held by the Domestic Relations Office of the Chester County Court of Common Pleas, Family Court.

39. As a direct and proximate result of Defendant, Waters conduct, Plaintiff has suffered harm, including the dissemination of confidential, medical information.

### V. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully request this Honorable Court to enter a judgment in his favor and against Defendants, individually, jointly and/or severally, in an amount in excess of $ 75,000 including compensatory damages, plus punitive damages along with such further relief as this Honorable Court deems appropriate and proper, including equitable relief and attorney's fees and costs.

Respectfully Submitted,

**WEISBERG LAW**

*/s/ Matthew Weisberg*
Matthew B. Weisberg, Esquire
L. Anthony DiJiacomo, III, Esquire
*Attorneys for Plaintiffs*

**SCHAFKOPF LAW, LLC**

*/s/ Gary Schafkopf*
Gary Schafkopf, Esquire
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN C. RAFFERTY | : | |
| Plaintiff, | : | NO. 2:18-cv-00688 |
| v. | : | |
| JANE DONZE, ET AL. | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

### CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 23rd day of April, 2018, a true and correct copy of the foregoing Plaintiff's First Amended Civil Action Complaint was served via ECF upon the following parties:

Richard W. Yost, Esq.
Donald I. Wall, Esq.
Cipriani & Werner, P.C.
450 Sentry Parkway, Suite 200
Blue Bell, PA 19422

Andrew J. Coval, Esq.
Supreme Court of PA
Administrative Office of PA Courts
1515 Market St., Suite 1414
Philadelphia, PA 19102

Jake David Becker, Eq.
Lamb McErlane, P.C.
24 East Market Street
P.O. Box 565
West Chester, PA 19308

WEISBERG LAW

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
*Attorney for Plaintiff*